UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| RANA ALI DARWASH AL-ZAKHARI<br><br>    Plaintiff,<br><br>vs.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES; UR M. JADDOU, Director, U.S. Citizenship and Immigration Services; WALLACE L. CARROLL, Houston Field Office Director, U.S. Citizenship and Immigration Services; DEPARTMENT OF HOMELAND SECURITY; ALEJANDRO MAYORKAS, Secretary of the U.S. Department of Homeland Security; UNITED STATES OF AMERICA,<br><br>    Defendants | No. 3:23-cv-00289<br><br>**Complaint for Writ of Mandamus, Declaratory and Injunctive Relief and to Compel Agency Action under the Administrative Procedures Act** |

## I.    INTRODUCTION

1. This is a civil action brought by Plaintiff, Rana Ali Darwash Al-Zakhari ("Plaintiff" or "Plaintiff Al-Zakhari"), in the nature of a writ of mandamus and for declaratory and injunctive relief to compel final agency action that has been unlawfully withheld and unreasonably delayed in the adjudication of her N-400, Application for Naturalization.

## II.    PARTIES

2. Plaintiff Al-Zakhari is a lawful permanent resident of the U.S. She sought to become a naturalized U.S. citizen by filing an N-400, Application for Naturalization, with U.S. Citizenship and Immigration Services on or about November 11, 2019.

3. Defendant U.S. Citizenship and Immigration Services ("USCIS") is an agency of the Department of Homeland Security and is responsible for overseeing the adjudication of immigration benefits.

4. Defendant Ur M. Jaddou is the Director of USCIS, and is responsible for USCIS' policies, practices, and procedures, and oversees the USCIS officer responsible for making the decision at issue in this case. Ms. Jaddou is sued in her official capacity.

5. Defendant Wallace L. Carroll is the Field Office Director for the Houston office of the USCIS, and as such, is responsible for administration and enforcement of all the functions, powers, and duties of the USCIS, including grants or denials of naturalization applications filed by residents the Southern district of Texas pursuant to 8 U.S.C. § 1421. Mr. Carroll is sued in his official capacity.

6. Defendant U.S. Department of Homeland Security ("DHS") is a cabinet department of the U.S. federal government responsible for immigration-related services, enforcement, and investigations. DHS oversees USCIS and its implementation of federal law and policy with respect to immigration benefit applications.

7. Defendant Alejandro Mayorkas is the Secretary of the U.S. Department of Homeland Security ("DHS"). He is sued in his official capacity.

### III. JURISDICTION AND VENUE

8. Jurisdiction in this case is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) 5 U.S.C. §§ 555(b) and 701, et seq. (Administrative Procedure Act "APA"), 28 U.S.C. § 1101, et seq. and Title 8 of the C.F.R. (the Immigration and Nationality Act "INA" and regulations implementing it), 28 U.S.C. § 2201 (the Declaratory Judgment Act); and 5 U.S.C. § 504, et seq. (the Equal Access to Justice Act "EAJA").

9. This Court may grant relief pursuant to 28 U.S.C. §§ 1361, 2201, 2202, and 5 U.S.C. § 702, *et seq*.

10. Venue is proper in this District under 28 U.S.C. § 1391(e) because a substantial part of the events giving rise to claim occurred in this District, and Plaintiff resides in Galveston, Texas, and her application for naturalization is pending before the USCIS Field Office in Houston, Texas, which are both within this judicial district. No real property is involved in this action.

### IV.   FACTUAL ALLEGATIONS

11. Plaintiff Al-Zakhari is a 34-year-old native and citizen of Iraq who has been a lawful permanent resident of the U.S. since August 7, 2014. She originally entered the United States as an Iraqi refugee. She is a medical doctor by profession.

12. On or about November 11, 2019, she filed an N-400 application for naturalization ("application" or "N-400 application") with Defendant USCIS on the basis that she had been a lawful permanent resident of the United States for at least five years and was otherwise eligible for naturalization. *See* Exhibit A, USCIS Receipt Notice for Biometrics. During this time, she was residing in Staten Island, NY.

13. At the time of filing, Plaintiff was prima facie eligible for naturalization because she fulfilled all the requirements, i.e., she had been a permanent resident for at least five years and was over 18 years of age; she had the requisite physical presence and the continuous residence requirements; and she had been a person of good moral character for the requisite statutory period of five years. *See* 8 U.S.C. §§ 1429, 1445(b), 1427.

14. On or about November 29, 2019 Plaintiff received a notice scheduling her for a biometrics appointment which she duly completed on December 18, 2019.

15. The case has remained pending ever since without any action whatsoever on the part of the Defendant USCIS.

16. More than three (3) years and nine (9) months—a total of 1,396 days—have passed since the date the N-400 was filed.

17. Plaintiff has since moved to Galveston, Texas, and duly completed the change of address requirement with the USCIS on June 15, 2022.

18. Plaintiff has directly contacted Defendant USCIS numerous times between February 2022 and May 2023 to no avail. She has also sought help from the CIS Ombudsman's Office as well as several Congressional inquiries, only to be told that her "background checks" remained pending which was causing the delay. The Ombudsman's office closed her case assistance request on August 17, 2022 when USCIS indicated that it could not provide their office with a specific timeframe for resolving her case. Exhibit B, USCIS Service Requests and Inquiries with the Ombudsman's Office and Congressional Liaisons.

19. On May 26, 2023 USCIS informed her that her case inquiry was being forwarded to the Houston Field Office and that she will be contacted within 30 calendar days. It has been more than 90 days since this last communication and the USCIS is yet to contact her.

20. Therefore, the Defendants have willfully, and unreasonably delayed scheduling Plaintiff's N-400 interview and testing.

21. There are no administrative remedies available to the Plaintiff to redress her grievances described herein.

## V.   FIRST CLAIM FOR RELIEF
### Mandamus to compel adjudication under 28 U.S.C. § 1361

22. Plaintiff incorporates by reference paragraphs 1-21 above.

23. 28 U.S.C. § 1361 provides that district courts "shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

24. A mandamus plaintiff must demonstrate that: "(1) the plaintiff must have a clear right to the relief, (2) the defendant must have a clear duty to act, and (3) no other adequate remedy must be available." *Hadad v. Scharfen*, 08-22608, 2009 U.S. Dist. LEXIS 26147, *2 (S.D. Fla. Mar 12, 2009) (citing *Jones v. Alexander,* 609 F.2d 778, 781 (5th Cir. 1980)).

25. Plaintiff in this case has a clear right to the final adjudication of her N-400 application and no other adequate remedy available. She has demonstrated her eligibility for naturalization, yet Defendants have failed to act on the application for years.

26. Defendants' unreasonable and unlawful delays in completing the adjudication of the N-400 application has caused, and will cause, Plaintiff ongoing and substantial injury in the form of mental distress, increased legal costs, and the continued lack of the right to vote in local, state, and federal elections.

## IX.  SECOND CLAIM FOR RELIEF
### Violation of Administrative Procedure Act, 5 U.S.C. §§ 555, 706, *et seq.*

27. Plaintiff incorporates by reference paragraphs 1-26 above.

28. USCIS's failure to adjudicate the Plaintiff's N-400 application violates the Administrative Procedure Act ("APA"), codified at 8 U.S.C. § 706. Section 706(1) states that a Court "shall compel an agency action unlawfully withheld or unreasonably delayed."

29. Additionally, the APA at 5 U.S.C. § 555(b) states, "With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."

30. When read together, 8 U.S.C. § 706(1) and 5 U.S.C. § 555(b) give the Plaintiff "a right to have her application adjudicated within a reasonable time, and … USCIS has a concomitant duty to ensure this happens." *Hadad,* 2009 WL 654019, at *2. Deciding whether to grant or deny an application is a discrete action that USCIS is required to take." *Id.*

31. The government cannot by inaction abuse its authority by failing to make a decision. *Accardi v Shaughnessy,* 347 U.S. 260 (1954). The USCIS has "a non-discretionary duty to act on applications before it by processing them." *Miranda v. Gonzales,* No. 08-20682-CIV-HOEVELER (S.D.Fla. Aug. 25, 2008). Furthermore, the USCIS does not have an unfettered discretion to put off deciding an application for an unreasonable amount of time. "Such discretion would strip defendants' duty of any meaning: The duty to act is no duty at all if the deadline is eternity." *Saleem v. Keisler,* 520 F.Supp.2d 1048, 1055 (W.D.WIS.2007) (citation omitted). *See also Aslam v. Mukasey*, 531 F. Supp. 2d 736, 743 (E.D. Va. 2008) (finding a nearly three-year delay in the adjudication of an adjustment application unreasonable).

## X. PRAYER FOR RELIEF

WHEREFORE, and in light of the foregoing, Plaintiff prays that the Court:

i. Assume jurisdiction over this matter;

ii. Declare that Defendants' delay in adjudicating Plaintiff's N-400 application (including the scheduling of her N-400 interview and testing) is unreasonable and in violation of the APA and the INA;

iii. Compel Defendants to perform their duty to complete any pending background checks relating to Plaintiff's pending N-400 application;

iv. Compel Defendants to perform their duty or duties to complete processing of the N-400 application and to schedule her for an interview pursuant to 8 U.S.C. § 1446(b) within fifteen (15) days of an Order of this Court;

v. Compel Defendants to complete all necessary steps, including the adjudication of Plaintiff's N-400 application, within one hundred and twenty (120) days of the interview;

vi. Grant an award of attorneys' fees and costs under the Equal Access to Justice Act; and,

vii.     Grant Plaintiff any other relief this court deems just and proper at law and in equity.

DATED: September 7, 2023             Respectfully submitted,

/s/ Merina Shakya

Merina Shakya
Attorney-in-Charge for Plaintiff
State Bar # 24089912
SDT # 3206704
Quan Law Group, PLLC
5444 Westheimer Rd., Ste. 1700
Houston, TX 77056
Ph. 713-625-9200
Fax. 713-625-9222
Email: mshakya@quanlaw.com